UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
JACKSONVILLE DIVISION

| | |
|---|---|
| TONY M. CAMPBELL,<br><br>    Plaintiff,<br><br>v.<br><br>YOUTH OPPORTUNITY INVESTMENTS, LLC, an Indiana limited liability company,<br><br>    Defendants. | Case No. 3:23-cv-00938-MMH-MCR |

**CORRECTED COMPLAINT AND DEMAND FOR JURY TRIAL**

Plaintiff TONY M. CAMPBELL ("Plaintiff"), by and through the undersigned, as and for Plaintiff's Complaint in this action against Defendant YOUTH OPPORTUNITY INVESTMENTS, LLC ("Defendant" or the "YOI") alleges upon personal knowledge and upon information and belief as to other matters as follows:

**PRELIMINARY STATEMENT**

1. This is an action seeking declaratory, injunctive, and equitable relief, as well as monetary damages, to redress Defendant's violations of the Age Discrimination in Employment Act (ADEA), 29 U.S.C. § 621 et seq., as well as the Florida Civil Rights Act (FCRA), Ch. 760 Florida Statutes.

2. Specifically, Defendant violated the ADEA by refusing to hire Plaintiff, because of Plaintiff's age and because Plaintiff engaged in activity protected by the ADEA and FCRA when Plaintiff objected to discriminatory conduct.

3. Defendant's unlawful conduct was knowing, malicious, willful, wanton, and/or showed a reckless disregard for Plaintiff's protected rights, which has caused and continues to cause Plaintiff to suffer substantial economic and non-economic damages.

**PARTIES**

4. Plaintiff is a 63-year-old, former applicant for employment with Defendant. On or around April 15, 2021, Plaintiff applied for the position of Transition Services Manager with Defendant. Defendant denied Plaintiff employment. Plaintiff is a resident of Florida.

5. Defendant is an Indiana limited liability company, with its corporate headquarters located at 12775 Horseferry Road Suite 230, Carmel, Indiana.

6. Defendant had 20 or more employees during the relevant time period.

7. At all relevant times, Defendant met the definition of "employer" under all applicable statutes.

**JURISDICTION AND VENUE**

8. This Court has jurisdiction over this action pursuant to 28 U.S.C. §§ 1331 and 1343, as this action involves federal questions regarding the deprivation of Plaintiff's rights under the ADEA. The Court has supplemental jurisdiction of the state-law FCRA claims pursuant to 28 U.S.C. § 1367 as they are so related to the federal claims in this action that they form part of the same case or controversy.

9. Venue is proper in the district pursuant to 28 U.S.C. § 1391 because a substantial part of the events or omissions giving rise to this claim occurred in this district.

## PROCEDURAL REQUIREMENTS

10. On or about May 20, 2021, Plaintiff filed a charge of discrimination with the Equal Employment Opportunity Commission (EEOC) alleging violations of the ADEA (discrimination and retaliation). The Charge further alleged age discrimination and retaliation under the FCRA and was deemed dual filed with that agency.

11. On or about May 19, 2023, Plaintiff received a copy of a notice of right to sue issued by the EEOC in connection with Plaintiff's previously filed charge of discrimination. Plaintiff filed this Complaint within 90 days of receiving the EEOC right to sue letter. The FCHR failed to make any determination on the Charge within 180 days of filing.

## FACTUAL ALLEGATIONS

### *Plaintiff's Employment with Defendant*

12. Defendant is in the business of privately owning and operating juvenile detention centers.

13. Plaintiff was employed by Defendant's predecessor entity TrueCore Behavioral Solutions, LLC ("TrueCore") since approximately 2007. He was initially employed as Case Manager. From approximately 2018 through early 2021, he was employed as a Transition Services Manager. Plaintiff's last job performance review

was dated October 26, 2020. His overall job performance rating was 3.0, which was the highest score attainable on the evaluation.

14.  Most recently, Plaintiff worked at the facility located at 765 St. John's Ave., Hastings, St. Johns County, FL 32145, which is where the below-described events occurred.

15.  Because TrueCore's contract for detention services was nonrenewed, Defendant Youth Opportunity Investments, LLC began its on-site transition with a start-up date of June 17, 2021.

*Defendant's Discriminatory Treatment of Plaintiff; Plaintiff's Objections; and Defendant's Ensuing Retaliation*

16.  As part of Defendant's transition of services, it began on-site interviews with staff to determine whether to retain them around April 2021.

17.  On or about April 15, 2021, Plaintiff interviewed for the position he already held—Transition Services Manager. The interview was with Defendant's recruiter, Mr. Screen.

18.  Mr. Screen indicated that Plaintiff's interview went well and that he was a strong candidate for the position.

19.  Plaintiff received a job offer letter from Defendant's Director of Human Resources, Paul Brown, on or around April 23, 2021. The offer was for an inferior position, Case Manager, that would effectively be a demotion as to numerous terms and conditions including compensation. Plaintiff did not hold the position of Case

Manager, nor did he interview for that position. Plaintiff discussed the matter with Brown and requested to appeal the decision.

20. Plaintiff was advised via email that he was to meet with Defendant's facility administrator, Kenneth Owens, on April 26, 2021, to discuss Plaintiff's concerns. At that meeting, Plaintiff provided Owens with his employment background, educational and military background, length of employment with TrueCore, and details of stellar job performance. In response, Plaintiff was told that Owens did not "care about longevity", that Defendant was moving in a different direction, and that Defendant sought to hire a younger person as the transition services manager.

21. At the time Owens told Plaintiff this, Plaintiff was sixty (60) years old.

22. Also in the meeting with Owens, Owens informed Plaintiff that the offer of employment of Case Manager was rescinded and that Plaintiff should not bother signing the offer letter. Owens had also mentioned that he discussed Plaintiff's performance with other employees in considering Plaintiff's application, a statement which was later revealed to be false.

23. Plaintiff immediately brought his concerns to the attention of TrueCore's Human Resources Department employee, L. Morgan. Plaintiff advised Morgan about the discussion with Owen and how he being discriminated against as candidate for Transition Services Manager because of his age. Morgan informed Plaintiff that she would discuss the matter with Owens.

24. Plaintiff further brought his concerns to Ms. Knighten in TrueCore's education department as well as Brenda Ware, the Director of Case Manager.

25. Later on April 26, 2021, Plaintiff received a phone call from Owens stating that the two would meet the following day. Neither Owens nor any of Defendant's employees or agents contacted Plaintiff again.

26. Defendant filled the Transition Services Manager position with forty-five (45) year old female employee who was substantially less experienced than Plaintiff.

27. At all times relevant hereto, Plaintiff was qualified for the Transition Services Manager position for which he applied.

28. At all times relevant hereto, Plaintiff was qualified for the Case Manager Position that was offered but later rescinded after Plaintiff engaged in protected activity opposing age discrimination.

29. Plaintiff experienced an adverse action when he was effectively terminated from the Transition Services Manager position by Defendant as the successor entity to TrueCore due to Plaintiff's age.

30. Plaintiff experienced another adverse action when his application for Transition Services Manager was denied by Defendant due to his age.

31. Plaintiff experience another adverse action when the pending offer of Case Manager was rescinded due to his age and in retaliation for objecting to age discrimination.

32. Defendant's adverse action[s] would have dissuaded a reasonable worker opposing discriminatory practices of Defendant.

## COUNT I
### *(Discrimination under ADEA, 29 U.S.C. § 621 et seq.)*

33. Plaintiff alleges and incorporates by reference the allegations in Paragraphs 1 – 32 as if stated fully in Count I.

34. At all relevant times, Plaintiff was an "employee" within the meaning of the ADEA.

35. At all relevant times, Defendant was an "employer" within the meaning of the ADEA.

36. As outlined above, Defendant violated the ADEA when it discriminated against Plaintiff because of his age when it effective terminated him by requiring him to reapply for his job as Transition Services Manager, denying his application for Transition Services Manager, and rescinding the offer of Case Manager.

37. As a direct and proximate result of Defendant's discriminatory conduct in violation of the ADEA, Plaintiff has suffered, and continues to suffer, monetary and/or economic damages, including, but not limited to, loss of past and future income, compensation, and benefits, for which Plaintiff is entitled to an award of damages, attorney's fees, and costs.

38. The foregoing conduct, as alleged, constitutes a willful violation of the ADEA within the meaning of 29 U.S.C § 626(b) and, as a result, Plaintiff is entitled to liquidated damages.

## COUNT II
### *(Retaliation under ADEA, 29 U.S.C. § 621 et seq.)*

39. Plaintiff alleges and incorporates by reference the allegations in Paragraphs 1 – 38 as if stated fully in Count II.

40. At all relevant times, Plaintiff was an "employee" within the meaning of the ADEA.

41. At all relevant times, Defendant was an "employer" within the meaning of the ADEA.

42. Plaintiff engaged in protected activity under the ADEA when he complained about age discrimination bias driving decisions concerning the staffing of the Transition Services Manager position.

43. As outlined above, Defendant violated the ADEA when it retaliated against Plaintiff by refusing to hire him as the Transition Services Manager and rescinding the offer for the Case Manager position because Plaintiff engaged in activity protected by the ADEA.

44. As a direct and proximate result of Defendant's retaliatory conduct in violation of the ADEA, Plaintiff has suffered, and continues to suffer, monetary and/or economic damages, including, but not limited to, loss of past and future income, compensation, and benefits, for which Plaintiff is entitled to an award of damages, attorney's fees, and costs.

45. The foregoing conduct, as alleged, constitutes a willful violation of the ADEA within the meaning of 29 U.S.C § 626(b) and, as a result, Plaintiff is entitled to liquidated damages.

## COUNT III
*(Age Discrimination under Florida Civil Rights Act)*

46. Plaintiff alleges and incorporates by reference the allegations in Paragraphs 1 – 32 as if stated fully in Count III.

47. At all relevant times, Plaintiff was an "employee" within the meaning of the FCRA, and Defendant was an "employer" within the meaning of the FCRA.

48. As outlined above, Defendant violated the FCRA when it discriminated against Plaintiff because of his age when it effective terminated him by requiring him to reapply for his job as Transition Services Manager, denying his application for Transition Services Manager, and rescinding the offer of Case Manager.

49. As a direct and proximate result of Defendant's discriminatory conduct in violation of the FCRA, Plaintiff has suffered, and continues to suffer, monetary and/or economic damages, including, but not limited to, loss of past and future income, compensation, and benefits, for which Plaintiff is entitled to an award of damages, attorney's fees, and costs. Defendant's unlawful actions constitute bad faith, malicious, willful, and wanton violations of the FCRA for which Plaintiff is entitled to an award of punitive damages.

## COUNT IV
### *(Retaliation under Florida Civil Rights Act)*

50. Plaintiff alleges and incorporates by reference the allegations in Paragraphs 1 – 32 and 46 - 49 as if stated fully in Count IV.

51. At all relevant times, Plaintiff was an "employee" within the meaning of the FCRA.

52. At all relevant times, Defendant was an "employer" within the meaning of the FCRA.

53. As outlined above, Defendant violated the FCRA when it retaliated against Plaintiff by refusing to hire him as the Transition Services Manager and rescinding the offer for the Case Manager position because Plaintiff engaged in activity under the FCRA

54. As a direct and proximate result of Defendant's retaliatory conduct in violation of the FCRA, Plaintiff has suffered, and continues to suffer, monetary and/or economic damages, including, but not limited to, loss of past and future income, compensation, and benefits, as well severe mental anguish and emotional distress, including, but not limited to, depression, humiliation, embarrassment, stress, anxiety, loss of self-esteem and self-confidence, and emotional pain and suffering, for which Plaintiff is entitled to an award of damages, attorney's fees, and costs. Defendant's unlawful actions constitute bad faith, malicious, willful, and wanton violations of the FCRA for which Plaintiff is entitled to an award of punitive damages.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiff requests that an award be issued in his favor providing the following relief:

1. A declaratory judgment that the actions, conduct, and practices of Defendant complained of herein violate the ADEA and FCRA;

2. An injunction and order permanently restraining Defendant from engaging in such unlawful conduct;

3. An order directing Defendant to place Plaintiff in the position he would have occupied but for Defendant's discriminatory, retaliatory, and/or otherwise unlawful treatment of Plaintiff, as well as to take such affirmative action as is necessary to ensure that the effects of these unlawful employment practices and other unlawful conduct are eliminated and do not continue to affect Plaintiff;

4. An award of damages in an amount to be determined at trial, plus prejudgment interest, to compensate Plaintiff for all monetary and/or economic damages, including, but not limited to, the loss of past and future income, wages, compensation, job security, and other benefits of employment;

5. An award of damages in an amount to be determined at trial, plus prejudgment interest, to compensate Plaintiff for harm to Plaintiff's professional and personal reputation and loss of career fulfillment;

6. An award of liquidated damages for willful violations of the ADEA;

7. An award of damages for all other monetary and/or non-monetary losses Plaintiff suffered in an amount to be determined at trial, plus prejudgment interest;

8. An award of punitive damages in the maximum amount available under the FCRA;

9. An award of costs that Plaintiff has incurred in this action, as well as Plaintiff's reasonable attorney's fees to the fullest extent permitted by law; and

10. Such other and further relief as the Court may deem just and proper.

## DEMAND FOR JURY TRIAL

Plaintiff demands a trial by jury for all issues so triable.

Dated this 14th day of August 2023.   Respectfully submitted,

*s/ Brian Calciano*
BRIAN CALCIANO
Florida Bar No. 108879
*Trial Counsel for Plaintiff*

**CALCIANO PIERRO, PLLC**
146 Second Street North – Suite 304
St. Petersburg, Florida 33701
(727) 217-5400
brian@flemploymentlaw.com