## UNITED STATES DISTRICT COURT
## MIDDLE DISTRICT OF FLORIDA
## JACKSONVILLE DIVISION

TONY M. CAMPBELL,

        Plaintiff,

v.                                  Case No. 3:23-cv-938-MMH-MCR

YOUTH OPPORTUNITY
INVESTMENTS, LLC,

        Defendant.

_____/

### O R D E R

**THIS CAUSE** is before the Court on Defendant's Motion to Dismiss Corrected Complaint (Doc. 8; Motion), filed on September 11, 2023. In the Motion, Defendant Youth Opportunity Investments, LLC (YOI) moves to dismiss the Corrected Complaint (Doc. 6; Complaint) in its entirety for failure to state a claim on which relief can be granted pursuant to Rule 12(b)(6), Federal Rules of Civil Procedure (Rule(s)). See Motion at 1. YOI also asserts that the Complaint is due to be dismissed as an impermissible shotgun pleading. Id. Plaintiff Tony M. Campbell filed a response in opposition to the Motion on October 2, 2023. See Plaintiff's Memorandum in Opposition to Defendant's Motion to Dismiss (Doc. 11; Response). Accordingly, this matter is ripe for review.

I.   **Background**[1]

Prior to the events of this lawsuit, Campbell worked for TrueCore Behavioral Solutions, LLC at a facility in Hastings, Florida.   <u>See</u> Complaint ¶¶ 13-14.   He began working for TrueCore in 2007 as a Case Manager, and then worked as a Transition Services Manager from approximately 2018 through early 2021.   <u>Id.</u> ¶ 13.   In 2021, TrueCore's contract to provide juvenile detention services was nonrenewed and a new entity, Defendant YOI, "began its on-site transition with a start-up date of June 17, 2021."   <u>Id.</u> ¶¶ 12, 15.   "As part of [YOI's] transition of services, it began on-site interviews with staff to determine whether to retain them around April 2021."   <u>Id.</u> ¶ 16.

On April 15, 2021, Campbell interviewed for the position of Transition Services Manager, the same position he held with TrueCore.   <u>Id.</u> ¶ 17. Although the interviewer indicated to Campbell that the interview went well, YOI did not offer Campbell the Transition Services Manager position.   <u>Id.</u> ¶¶ 18-19.   Instead, YOI offered Campbell the position of Case Manager, which Campbell alleges "would effectively be a demotion as to numerous terms and conditions including compensation."   <u>Id.</u> ¶ 19.   Campbell "discussed the

---

[1] In considering the Motion, the Court must accept all factual allegations in the Complaint as true, consider the allegations in the light most favorable to Campbell, and accept all reasonable inferences that can be drawn from such allegations. See <u>Hill v. White</u>, 321 F.3d 1334, 1335 (11th Cir. 2003); <u>Jackson v. Okaloosa County</u>, 21 F.3d 1531, 1534 (11th Cir. 1994). As such, the facts recited here are drawn from the Complaint and may well differ from those that ultimately can be proved.

matter" with YOI's Director of Human Resources and asked to appeal the decision.  <u>Id.</u>  YOI then gave Campbell an opportunity to meet with Kenneth Owens, YOI's facility administrator "to discuss [Campbell's] concerns."  <u>Id.</u> ¶ 20.

Campbell met with Owens on April 26, 2021.  <u>Id.</u> ¶ 21.  In the Complaint, Campbell describes the meeting as follows:

> [Campbell] provided Owens with his employment background, educational and military background, length of employment with TrueCore, and details of stellar job performance.  In response, [Campbell] was told that Owens did not "care about longevity", that [YOI] was moving in a different direction, and [YOI] sought to hire a younger person as the transition services manager.

<u>Id.</u>  At the time of this meeting, Campbell was sixty years old.  <u>Id.</u> ¶ 21. Owens also "informed [Campbell] that the offer of employment of Case Manager was rescinded and that [Campbell] should not bother signing the offer letter." <u>Id.</u> ¶ 22.  According to Campbell, Owens mentioned that he had discussed Campbell's performance with other employees in considering Campbell's application.  <u>Id.</u>  Campbell alleges that this statement "was later revealed to be false."  <u>Id.</u>

Campbell "immediately brought his concerns to the attention of TrueCore's Human Resources Department employee, L. Morgan" who said she would discuss the matter with Owens.  <u>Id.</u> ¶ 23.  Specifically, Campbell alleges that he informed Morgan of the discussion with Owens and Campbell's

view that he was being discriminated against for the Transition Services Manager position because of his age.  Id.  Campbell also "brought his concerns to Ms. Knighten in TrueCore's education department as well as Brenda Ware, the Director of Case Manager."  Id. ¶ 24.  According to Campbell, Owens called Campbell "[l]ater on April 26, 2021," and said that Owens and Campbell "would meet the following day."  Id. ¶ 25.  However, "[n]either Owens nor any of [YOI's] employees or agents contacted [Campbell] again."  Id. ¶ 25. Ultimately, YOI "filled the Transition Services Manager position with [a] forty-five (45) year old female employee who was substantially less experienced than [Campbell]."  Id. ¶ 26.

On August 9, 2023, Campbell initiated the instant action against YOI. See Complaint and Demand for Jury Trial (Doc. 1; Initial Complaint).  The Court struck the Initial Complaint as an impermissible shotgun pleading, and Campbell filed the Corrected Complaint which is the operative pleading at this time.  See Order (Doc. 5), entered August 11, 2023.  In Counts I and II of the Complaint, Campbell asserts claims for age discrimination and retaliation in violation of the Age Discrimination Employment Act (ADEA), 29 U.S.C. § 623(a).  See Complaint at 7-8.  Likewise, in Counts III and IV of the Complaint, Campbell brings the same claims under their state law counterpart, the Florida Civil Rights Act of 1992 (FCRA), Fla. Stat. §§ 760.01-760.11.  See Complaint at 9-10.  YOI moves to dismiss all of Campbell's claims.

## II.    Standard of Review

In ruling on a motion to dismiss, the Court must accept the factual allegations set forth in the complaint as true.    See Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009); Swierkiewicz v. Sorema N.A., 534 U.S. 506, 508 n.1 (2002); see also Lotierzo v. Woman's World Med. Ctr., Inc., 278 F.3d 1180, 1182 (11th Cir. 2002).    In addition, all reasonable inferences should be drawn in favor of the plaintiff.    See Randall v. Scott, 610 F.3d 701, 705 (11th Cir. 2010). Nonetheless, the plaintiff must still meet some minimal pleading requirements. Jackson v. Bellsouth Telecomm., 372 F.3d 1250, 1262-63 (11th Cir. 2004) (citations omitted).    Indeed, while "[s]pecific facts are not necessary[,]" the complaint should "'give the defendant fair notice of what the . . . claim is and the grounds upon which it rests.'"    Erickson v. Pardus, 551 U.S. 89, 93 (2007) (per curiam) (quoting Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 555 (2007)). Further, the plaintiff must allege "enough facts to state a claim to relief that is plausible on its face."    Twombly, 550 U.S. at 570.    "A claim has facial plausibility when the pleaded factual content allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." Iqbal, 556 U.S. at 678 (citing Twombly, 550 U.S. at 556).    A "plaintiff's obligation to provide the grounds of his entitlement to relief requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do[.]" Twombly, 550 U.S. at 555 (internal quotations omitted);

see also <u>Jackson</u>, 372 F.3d at 1262 (explaining that "conclusory allegations, unwarranted deductions of facts or legal conclusions masquerading as facts will not prevent dismissal") (internal citation and quotations omitted).   Indeed, "the tenet that a court must accept as true all of the allegations contained in a complaint is inapplicable to legal conclusions[,]" which simply "are not entitled to [an] assumption of truth."   <u>See</u> <u>Iqbal</u>, 556 U.S. at 678, 680.   Thus, in ruling on a motion to dismiss, the Court must determine whether the complaint contains "sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face[.]'" <u>Id.</u> at 678 (quoting <u>Twombly</u>, 550 U.S. at 570).

### III.   Discussion

#### A. Shotgun Pleadings

To the extent YOI argues that the Complaint is due to be dismissed as a shotgun pleading, the Court rejects this argument.   <u>See</u> Motion at 6.   YOI's shotgun argument is premised solely on Campbell's decision to reincorporate Count I (ADEA discrimination) into Count II (ADEA retaliation), and Count III (FCRA discrimination) into Count IV (FCRA retaliation).   <u>See</u> <u>id.</u>   In the Response, Campbell explains that he pleads his claims in this way because the allegations regarding age discrimination are "connected in nature to Count[s] II and IV because the retaliation [Campbell] experienced was in response to complaining about discriminatory practices alleged in Counts I and III."   <u>See</u> Response at 4.

The Eleventh Circuit "has condemned the incorporation of preceding paragraphs where a complaint 'contains several counts, each one incorporating by reference the allegations of its predecessors [i.e., predecessor <u>counts</u>], leading to a situation where most counts (i.e., all but the first) contain irrelevant factual allegations and legal conclusions.'"  <u>See</u> <u>Weiland v. Palm Beach Cnty. Sheriff's Off.</u>, 792 F.3d 1313, 1324 (11th Cir. 2015) (alterations and emphasis in original) (quoting <u>Strategic Income Fund, L.L.C. v. Spear, Leeds & Kellogg Corp.</u>, 305 F.3d 1293, 1295 (11th Cir. 2002)).  But that is not what the Court is faced with here.  Campbell does not engage in the wholesale reincorporation of all preceding counts such that all counts but the first "contain irrelevant factual allegations and legal conclusions."  <u>Id.</u>  Rather, Campbell specifically and intentionally reincorporates <u>one</u> preceding count into <u>one</u> corresponding successive count.  Thus, unlike a "textbook shotgun pleading," <u>see</u> Motion at 6, "[t]he allegations of <u>each count</u> are not rolled into <u>every successive count</u> on down the line."  <u>See</u> <u>Weiland</u>, 792 F.3d at 1324 (emphasis added).

Notably, YOI makes no attempt to argue that the allegations in the discrimination counts are irrelevant to the retaliation claims, or that it has any difficulty in understanding the legal and factual basis of each count in the Complaint.  Thus, regardless of whether it was strictly necessary for Campbell to reincorporate the discrimination counts into the retaliation counts, "this is not a situation where a failure to more precisely parcel out and identify the facts

relevant to each claim materially increased the burden of understanding the factual allegations underlying each count." See Weiland, 792 F.3d at 1324. Thus, YOI's request for dismissal on shotgun grounds is entirely one of form over substance and will be denied.

### B. Failure to State a Claim

#### i. Discrimination[2]

The ADEA and FCRA make it unlawful for an employer to discriminate against an employee because of such employee's age.   See 29 U.S.C. § 623(a)(1); Fla. Stat. § 760.10.   The laws protect "individuals who are at least 40 years of age."   29 U.S.C. § 631(a); see Miami-Dade County v. Eghbal, 54 So. 3d 525, 526 (Fla. 3d DCA 2011) (per curiam).   To state a claim under the ADEA, Campbell "must allege facts plausibly establishing that [his] age was a 'but-for' cause of [the adverse employment action] . . . ."   See Pinkney v. Maverick Condo. Ass'n, Inc., No. 6:11-cv-241-Orl-19DAB, 2011 WL 2433505, at *2 (M.D. Fla. June 14, 2011))[3]; see also Buchanan v. Delta Air Lines, Inc., 727 F. App'x 639, 641 (11th Cir. 2018) ("To succeed at trial on an age-discrimination claim under the ADEA,

---

[2] Age-related discrimination actions under the FCRA are analyzed under the same framework as the ADEA.   See Cardelle v. Miami Beach Fraternal Order of Police, 593 F. App'x 898, 901 n.6 (11th Cir. 2014).   As such, the Court will not separately discuss the FCRA claim.

[3] The Court notes that although decisions of other district courts are not binding, they may be cited as persuasive authority.   See Stone v. First Union Corp., 371 F.3d 1305, 1310 (11th Cir. 2004) (noting that, "[a]lthough a district court would not be bound to follow any other district court's determination, the decision would have significant persuasive effects.").

the plaintiff must prove that age was the 'but-for' cause of the adverse employment decision giving rise to [his] complaint." (citing <u>Gross v. FBL Fin. Servs., Inc.</u>, 557 U.S. 167, 177 (2009))).[4]

Significantly, "[a] plaintiff pursuing a claim under [the ADEA] can establish [his] employer's discrimination with either direct or circumstantial evidence." <u>Castillo v. Allegro Resort Marketing</u>, 603 F. App'x 913, 917 (11th Cir. 2015). "Direct evidence of discrimination would be evidence which, if believed, would prove the existence of a fact without inference or presumption." <u>Carter v. City of Miami</u>, 870 F.2d 578, 581-82 (11th Cir. 1989). "[O]nly the most blatant remarks, whose intent could be nothing other than to discriminate on the basis of age," constitute direct evidence of discrimination. <u>Id.</u> at 582.

Alternatively, "[t]o establish intentional discrimination based on circumstantial evidence," a plaintiff can use the familiar <u>McDonnell Douglas</u>[5] burden-shifting framework. <u>See Castillo</u>, 603 F. App'x at 917. Under this framework, an employee must show: "(1) he was a member of the protected group . . . ; (2) he was subject to an adverse employment action; (3) a

---

[4] The Court does not rely on unpublished opinions as binding precedent; however, they may be cited in this Order when the Court finds them persuasive on a particular point. <u>See</u> <u>McNamara v. GEICO</u>, 30 F.4th 1055, 1060–61 (11th Cir. 2022); <u>see generally</u> Fed. R. App. P. 32.1; 11th Cir. R. 36–2 ("Unpublished opinions are not considered binding precedent, but they may be cited as persuasive authority.").

[5] <u>McDonnell Douglas Corp. v. Green</u>, 411 U.S. 792 (1973).

substantially younger person filled the position from which he was discharged; and (4) he was qualified to do the job from which he was discharged." See Liebman v. Metro. Life Ins. Co., 808 F.3d 1294, 1298 (11th Cir. 2015). However, "[t]he Supreme Court has made clear that a plaintiff does not need to establish a prima facie age-discrimination case in order to survive a Rule 12(b)(6) motion to dismiss." Buchanan, 727 F. App'x at 642; see also Pinkney, 2011 WL 2433505, at *2. "That burden-shifting analysis is an evidentiary standard, not a pleading requirement, and thus it applies only to summary judgment motions and beyond." See Castillo, 603 F. App'x at 917. Rather, a plaintiff need only allege facts "adequate to raise [his] right to relief above a speculative level." See Buchanan, 727 F. App'x at 642; Castillo, 603 F. App'x at 917 ("[I]n order to avoid dismissal, a plaintiff's complaint must provide enough factual matter (taken as true) to suggest intentional . . . discrimination." (internal quotation omitted)).

Upon review, the Court has no trouble concluding that Campbell has adequately alleged a claim for age discrimination premised on YOI's decision not to hire him as the Transition Services Manager.[6]   Significantly, as

_____

[6] In the Complaint, Campbell alleges that YOI violated the ADEA based on three distinct adverse employment actions: 1) "when it effective[ly] terminated him by requiring him to reapply for his job as Transition Services Manager," (2) "denying his application for Transition Services Manager," and (3) "rescinding the offer of Case Manager." See Complaint ¶¶ 36, 48.  Although YOI moves to dismiss Counts I and III in their entirety, its arguments address only the second alleged adverse employment action.  The Court declines to make arguments on YOI's behalf, and as such, the Court does not address whether Campbell

discussed below, Campbell includes allegations which, if proved, would constitute direct evidence of age discrimination.   See Complaint ¶ 20. However, even under the McDonnell Douglas framework, Campbell easily satisfies each prong of the analysis.   Campbell alleges that he was sixty years old at the time of the decision and is thus within the protected class.   See Complaint ¶ 21.   The Court can plausibly infer that Campbell was qualified for the position given that he had worked in the same position for YOI's predecessor.   Id. ¶ 13.   If so, YOI arguably subjected Campbell to an adverse action when YOI refused to hire him for the Transition Services Manager position, the position for which he applied, and instead offered him a position with lower compensation.   Id. ¶ 19. [7]   And YOI allegedly hired a less experienced person fifteen years younger than Campbell to fill the position.   Id. ¶ 26.   These factual allegations, accepted as true, are adequate to satisfy the

adequately states a claim of age discrimination with respect to the other two adverse actions identified in the Complaint.

[7] The Court rejects YOI's contention that Campbell fails to allege facts showing that "being offered the Case Manager position instead of the Transition Services Manager position is actually an adverse employment action."   See Motion at 8.   This argument ignores Campbell's allegations that the Case Manager position is an "inferior" position and "would effectively be a demotion as to numerous terms and conditions including compensation."   See Complaint ¶ 19 (emphasis added).   Refusing to hire Campbell for the position to which he applied, and instead offering him a position with less compensation constitutes an adverse employment action.   See Hinson v. Clinch Cnty., Ga. Bd. of Educ., 231 F.3d 821, 829 (11th Cir. 2000) (explaining that "a transfer to a different position can be 'adverse' if it involves a reduction in pay, prestige or responsibility" (emphasis added)).

McDonnell Douglas framework, and in any event, state a claim for relief that is plausible on its face.

Nevertheless, in the Motion, YOI maintains that Campbell fails to satisfy the third prong of the McDonnell Douglas framework because "the person actually hired by YOI [for the Transition Services Manager position] was 45-years-old and within [Campbell's] protected class."  See Motion at 8. According to YOI, at least one court in the Middle District of Florida has held that to satisfy the "substantially younger" prong of the prima facie case, a plaintiff must show that the person who filled the sought after position was under the age of 40, i.e., outside of the protected class.  Id. at 7 (citing Hyde v. Storelink Retail Grp., Inc., No. 8:07-cv-240-T-30MAP, 2007 WL 1831683, at *4 (M.D. Fla. June 25, 2007)).  However, this argument—that Campbell must allege that he was replaced by someone outside of his protected class, i.e., less than forty years old—is foreclosed by binding Supreme Court and Eleventh Circuit precedent.

In O'Connor v. Consolidated Coin Caterers Corp., 517 U.S. 308 (1996), the United States Supreme Court expressly rejected the contention that to establish a prima facie case of age discrimination an ADEA plaintiff "must show that he was replaced by someone outside the age group protected by the ADEA . . . ." See O'Connor, 517 U.S. at 309, 311-13.  Indeed, the O'Connor Court explained that "[t]he fact that one person in the protected class has lost out to another

person in the protected class is . . . irrelevant, so long as he has lost out <u>because of his age</u>."  <u>Id.</u> at 312.  The Supreme Court explained that "[b]ecause the ADEA prohibits discrimination on the basis of age and not class membership, the fact that a replacement is <u>substantially younger</u> than the plaintiff is a far more reliable indicator of age discrimination than is the fact that the plaintiff was replaced by someone outside the protected class."  <u>Id.</u> at 313 (emphasis added).  The Eleventh Circuit Court of Appeals, relying on <u>O'Connor</u>, rejected this same argument in a published decision from 2015.  <u>See</u> <u>Liebman</u>, 808 F.3d at 1298-99.[8]  In <u>Liebman</u>, the court reiterated that "[t]he proper inquiry under <u>McDonnell Douglas</u> is whether [the replacement] was substantially younger than [the plaintiff]."  <u>Id.</u> at 1299.  And the court found that a seven-year age difference "qualifies as substantially younger."  <u>Id.</u>  Here, the fifteen-year age difference between Campbell and the person allegedly hired to replace him plainly can constitute a substantial age difference sufficient to establish a prima facie case under <u>McDonnell Douglas</u>.[9]

---

[8] Notably, even before the Supreme Court disposed of this argument in <u>O'Connor</u>, the Eleventh Circuit had rejected this contention.  <u>See</u> <u>Carter</u>, 870 F.2d at 583 ("[W]e have declined to hold that a plaintiff's inability to show that he was replaced by someone under forty is an absolute bar to the establishment of a prima facie case." (collecting cases)).

[9] Notably, in <u>Hyde</u>, the case on which YOI relies, the plaintiff was "44 years of age at the time of her termination and a person under age 40 filled her position."  <u>See</u> <u>Hyde</u>, 2007 WL 1831683, at *4.  Thus, the question of whether a prima facie case of age discrimination <u>requires</u> a showing that the plaintiff's replacement was outside of the protected class was not squarely before the court.

Moreover, YOI's argument is based on a mistaken assumption that Campbell must prove his case using the <u>McDonnell-Douglas</u> framework.  To the contrary, as noted above, Campbell alleges facts which, if proved, would constitute direct evidence of discriminatory intent.  Specifically, Campbell asserts that when he appealed YOI's decision not to offer him the Transition Services Manager position, Owens told him that YOI "sought to hire a younger person as the transition services manager."  <u>See</u> Complaint ¶ 20.[10]  At this stage of the proceedings, the Court must accept this allegation as true. Drawing all inferences in favor of Campbell, as the Court must, such a blatant remark could constitute direct evidence of age discrimination.  <u>See Carter</u>, 870 F.2d at 582; <u>Lindsey v. Am. Cast Iron Pipe Co.</u>, 772 F.2d 799, 801 (11th Cir. 1985).  In such a circumstance, Campbell would not need to rely on the <u>McDonnell Douglas</u> framework to demonstrate age discrimination.  <u>See</u> <u>Lindsey</u>, 772 F.2d at 802 ("[The plaintiff's] testimony that [the vice-president] told him the company wanted a younger person to fill the position, if believed, constitutes sufficient direct evidence to remove this case from the ambit of <u>McDonnell Douglas</u>."); <u>see also</u> <u>Lee v. Russell Cnty. Bd. of Educ.</u>, 684 F.2d 769, 774 (11th Cir. 1982) ("Where a case of discrimination is made out by direct evidence, reliance on the four-part test developed for circumstantial evidence is

---

[10] Campbell's allegations also raise the plausible inference that Owens, the facility administrator, is the relevant decisionmaker.  <u>See</u> Complaint ¶¶ 20, 22.

obviously unnecessary.").   As such, to the extent YOI requests dismissal of Counts I and III, the Motion is due to be denied.

### ii.   Retaliation[11]

The ADEA also prohibits retaliation against an employee who "'opposed any practice' made unlawful by the ADEA."  See Buchanan, 727 F. App'x at 642 (quoting 29 U.S.C. § 623(d)).   To establish a prima facie case of retaliation, a plaintiff must show: "(1) a statutorily protected expression, (2) an adverse employment action, and (3) a causal link between the protected expression and the adverse action."  See Hairston v. Gainesville Sun Pub. Co., 9 F.3d 913, 919 (11th Cir. 1993); see also Buchanan, 727 F. App'x at 642.[12]   The Eleventh Circuit has held that a "'very close' temporal proximity between the statutorily protected activity and the adverse action" can be sufficient to demonstrate causation.  See Buchanan, 727 F. App'x at 642.  "However, 'in a retaliation case, when an employer contemplates an adverse employment action before an employee engages in protected activity, temporal proximity between the protected activity and the subsequent adverse employment action does not

---

[11] The elements necessary to establish a prima facie case of retaliation under the ADEA and the FCRA are the same.  See Cardelle v. Miami Beach Fraternal Order of Police, 593 F. App'x 898, 903 & n.8 (11th Cir. 2014).  Thus, the Court will not separately discuss Campbell's FCRA retaliation claim.

[12] Unlike in his discrimination claims, the Court notes that Campbell does not allege any facts which would constitute direct evidence of retaliatory intent to support his retaliation claims.

suffice to show causation.'"   Id. (quoting Drago v. Jenne, 453 F.3d 1301, 1308 (11th Cir. 2006)); see also Cardelle, 593 F. App'x at 903 ("To establish causation, '[a]t a minimum, [the employee] must show that the adverse act followed the protected conduct." (alterations and emphasis in original) (quoting Griffin v. GTE Fla., Inc., 182 F.3d 1279, 1284 (11th Cir. 1999))).

In the Motion, YOI argues that Campbell's retaliation claims are due to be dismissed because Campbell "has not alleged he engaged in protected express[ion], or that any adverse action could be causally related.   See Motion at 8.   As set forth above, to state a claim for retaliation, Campbell must allege that he engaged in ADEA protected expression, and that this protected expression is causally related to the adverse employment actions he challenges. Here, Campbell identifies two adverse employment actions: (1) YOI's decision not to hire Campbell as a Transition Services Manager, and (2) Owens' decision to rescind the offer of Case Manager.   See Complaint ¶¶ 43, 48; see also Response at 7.   Upon review, the Court finds that Campbell fails to state a claim of retaliation concerning these two adverse acts because he does not allege any facts which plausibly connect these decisions to any protected expression.

In the Complaint, Campbell alleges that he complained of age discrimination to a human resources employee, among others.   See Complaint ¶¶ 23-24.   However, he alleges that he engaged in this protected expression after YOI had already made the decision not to hire Campbell as a Transition

Services Manager and <u>after</u> Owens rescinded the job offer for Case Manager. Campbell's complaints of age discrimination after the fact are not causally related to the adverse decisions he challenges and cannot support a claim of retaliation.  <u>See</u> <u>Cardelle</u>, 593 F. App'x at 903; <u>Buchanan</u>, 727 F. App'x at 642.

In the Response, Campbell attempts to avoid dismissal of his retaliation claims by arguing that, prior to the decision to rescind the Case Manager job offer, he challenged YOI's refusal to hire him as a Transition Services Manager. <u>See</u> Response at 8.[13]  Specifically, Campbell argues that his "pushback on the decision [not to hire him as a Transition Services Manager] directly led to [YOI] rescinding the Case Manager offer, which had been pending and available until his opposition." <u>See</u> <u>id.</u>  And indeed, Campbell's allegations in the Complaint do raise the inference that Owens rescinded the Case Manager job offer based on Campbell's complaints about the hiring decision.   The problem, however, is that Campbell does not allege any facts supporting even a reasonable inference that he implicitly or explicitly complained of <u>age discrimination</u> when he opposed the decision not to hire him as a Transition Services Manager.  <u>See</u>

---

[13] Of course, this argument still does not address what protected expression could possibly have occurred before YOI's decision not to offer Campbell the Transition Services Manager position. Campbell's theory in this regard appears to be that YOI hired someone else <u>after</u> he complained of age discrimination and "effectively caused [Campbell] to be terminated by failing as the successor entity managing facility to 'rehire' [Campbell] after he complained." <u>See</u> Response at 8-9.  But regardless of when his replacement was hired, Campbell's allegations in the Complaint demonstrate that YOI made the decision to require Campbell to reapply for the Transition Services Manager position and decided not to hire or retain him for that position <u>prior</u> to his making any complaints of age discrimination.  <u>See</u> Complaint ¶¶ 16-19.

Complaint ¶¶ 19-20.  Campbell alleges only that he "discussed" the Case Manager offer with Brown, the Human Resources Director, and that Campbell was advised he could meet with Owens to discuss his "concerns."  Id. ¶¶ 19-20. And, although Campbell identifies several points addressed during his conversation with Owens, he noticeably does not allege that he raised any concerns about discrimination at that meeting.  Id. ¶¶ 20, 22.

Significantly, "not all complaints to management constitute statutorily protected activity . . . ."  See Wooden v. Dolgencorp, LLC, No. 5:21-CV-46-TKW/MJF, 2022 WL 1750048, at *5 (N.D. Fla. May 11, 2022), adopted by 2022 WL 1747341, at *1 (N.D. Fla. May 31, 2022).  Rather, "[t]he Eleventh Circuit has held that, at a minimum, protected activity requires a plaintiff to communicate his belief to his employer that discrimination is occurring." Ingram v. Sec'y of the Army, No. 6-16-CV-150-ORL-37TBS, 2017 WL 4574607, at *12 (M.D. Fla. Oct. 13, 2017), aff'd, 743 F. App'x 914, 918 (11th Cir. 2018). Absent any factual allegations from which the Court can plausibly infer that Campbell complained of age discrimination prior to or during his meeting with Owens, Campbell's allegations are insufficient to causally connect the decision to rescind the Case Manager job offer with statutorily protected activity.  In light of the foregoing, Counts II and IV are due to be dismissed.

Accordingly, it is

**ORDERED:**

1. Defendant's Motion to Dismiss Corrected Complaint (Doc. 8) is **GRANTED, in part, and DENIED, in part**.

   A. Defendant's Motion is **GRANTED** to the extent the retaliation claims set forth in Counts II and IV of the Complaint are **DISMISSED**.

   B. Defendant's Motion is otherwise **DENIED**.

2. Defendant shall respond to the Complaint on or before **July 12, 2024**.

**DONE AND ORDERED** in Jacksonville, Florida this 21st day of June, 2024.

**MARCIA MORALES HOWARD**
United States District Judge

lc11
Copies to:

Counsel of Record